UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
D54
2010 AUG 25 P 1:59
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.

Case No.: 3:01-cr-138-20-HES-JRK

SHAWN KENNETH RICHARDSON

Defendant.
_____/

ORDER

Before the Court is the Defendant's Motion to Run Concurrent Sentences (Doc. 554, filed August 11, 2010), the Government's Response (Doc. 555, filed August 24, 2010), and the Defendant's Motion To Award Jail Time (Doc. 556, filed August 23, 2010). In November 2009, the Defendant was sentenced to a term of fourteen (14) months imprisonment for a violation of his supervised release. (See Doc. 549). The judgment of revocation specifically articulated that "said term of imprisonment is to run *consecutively* with the defendant's term of imprisonment already imposed or yet to be imposed in any future sentence in Docket Number 2009-CF-4791A, in Duval Circuit Court, Jacksonville, Florida." (Doc. 549, at p. 2)(emphasis added).

Additionally, this Court does not have the authority to review the Defendant's calculation of gain time, as that is within the province of the Board Of Prisons ("BOP"). In *U.S. v. Lucas*, the Eleventh Circuit affirmed the district court's finding that it did not have the jurisdiction to review the BOP's calculations of gain time, noting that the Attorney General "properly delegated the authority for credit against sentence for time in custody exclusively the BOP." 898 F.2d

1554, 1555 (11th Cir. 1990). Further the court noted that, "the district court did not have jurisdiction to consider the motion because the appellant failed to exhaust his administrative remedies." *Id.* Should the Defendant desire to challenge the method in which his gain time was applied to his current sentence, he is first required to do so administratively. Only upon the exhaustion of administrative remedies does this Court have jurisdiction to review the decision of the BOP. *See Boz v. United States*, 248 F.3d 1299, 1300-01 (11th Cir. 2001).

Therefore, it is **ORDERED** and **ADJUDGED**:

1. Defendant's Motion to Run Concurrent Sentences (Doc. 554) is **DENIED** and

2. Defendant's Motion to Award Jail Time Credit is also **DENIED** (Doc. 556).

**DONE AND ENTERED** in Jacksonville, Florida, this 25th day of August, 2010.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:
Julie Hackenberry Savell, Esq.
Shawn Richardson, *Pro se*